IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NAFTA TRADERS, INC., | § § § § § § § § § § | |
| Plaintiff, | | |
| V. | | |
| | | No. 3:18-cv-2773-L |
| HEWY WINE CHILLERS, LLC d/b/a CORKSICLE, | | |
| Defendant. | | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Nafta Traders, Inc. filed a Motion to Conduct Jurisdictional Discovery, *see* Dkt. No. 11 (the "Discovery Motion"), which United States District Judge Sam A. Lindsay referred to the undersigned United States magistrate judge for hearing, if necessary, and determination under 28 U.S.C. § 636(b). *See* Dkt. No. 18. Defendant Hewy Wine Chillers, LLC d/b/a Corkcicle filed a response, *see* Dkt. No. 14, and Nafta filed a reply, *see* Dkt. No. 16.

For the reasons explained below, the Court GRANTS Plaintiff Nafta Traders, Inc.'s Motion to Conduct Jurisdictional Discovery [Dkt. No. 11].

**Background**

This lawsuit arises out of a contractual dispute between Nafta and Corkcicle. Nafta is a family-owned trading company that purchases and sells retail and consumer goods. It purchases large quantities of consumer goods from manufacturers at discounted prices and resells the goods to retailers and wholesalers both domestically

and internationally. *See* Dkt. No. 7 at 2. Corkcicle manufactures innovative bar ware, wine chillers, tumblers, canteens, and beverage accessories. *See id.*; Dkt. No. 9 at 6.

The parties entered an agreement, memorialized in a purchase order, for Nafta to purchase 1,848 units of Corkcicle units from Corkcicle. *See* Dkt. No. 7-1 (the "Agreement"). The Agreement contained an option for Nafta to purchase additional Corkcicle units, and a dispute arose between Nafta and Corkcicle concerning the option. *See* Dkt. No. 7-2.

Nafta filed suit against Corkcicle in Texas state court. *See* Dkt. No. 1-1.

Corkcicle removed the case to this Court on the basis of diversity jurisdiction. *See* Dkt. No. 1. Nafta is a Texas corporation with its principal place of business in Irving, Texas, and Corkcicle is a Florida limited liability company with its principal place of business in Orlando, Florida and with members who are all citizens of Florida. *See id.*

Nafta then filed its First Amended Complaint. *See* Dkt. No. 7. Nafta asserts claims for declaratory judgment, breach of contract, anticipatory breach, and fraudulent inducement and seeks injunctive relief. *See* Dkt. No. 7. Nafta alleges that this Court has personal jurisdiction over Corkcicle because Corkcicle "purposely availed itself of the privileges and benefits of conducting business in Texas by committing torts and other illegal acts, which are the subject matter of this suit, in whole or in part in Texas." *Id.* at 2.

Corkcicle filed a Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, to Dismiss Plaintiff's Fraudulent Inducement Claim. *See* Dkt. Nos. 8 & 9

(the "Motion to Dismiss"). It argues that it lacks contacts with Texas sufficient to permit suit against it in this forum and that this lawsuit should be dismissed under Federal Rule of Civil Procedure 12(b)(2). The Motion to Dismiss is supported by the Declaration of Benjamin R. Hewitt. *See* Dkt. No. 10 at 5-7.

Nafta now seeks leave to conduct limited jurisdictional discovery. *See* Dkt. No. 11. Nafta contends that the facts pleaded in the Amended Complaint are sufficient for the Court to exercise personal jurisdiction over Corkcicle. It also alleges that the Motion to Dismiss and Mr. Hewitt's Declaration create fact issues regarding jurisdiction. "[S]hould the Court determine that additional evidence of jurisdictional nexus is necessary, Nafta requests that it be permitted to engage in discovery limited to the jurisdictional issue." *Id.* at 3.

Corkcicle objects to the request for jurisdictional discovery, *see* Dkt. Nos. 14 & 15, and Nafta has replied to those objections, *see* Dkt. No. 16. Nafta's reply is supported by the declarations of Ryan E. Schlachter and Braden M. Wayne. *See* Dkt. No. 17.

## Legal Standards

When seeking discovery on personal jurisdiction, a plaintiff must make a "preliminary showing of jurisdiction" before being entitled to such discovery. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir.2005). The decision to allow jurisdictional discovery is within the district court's discretion. *See id.* at 419. "[D]iscovery on matters of personal jurisdiction need not be permitted unless the motion to dismiss raises issues of fact. When the lack of personal jurisdiction is clear, discovery

would serve no purpose and should not be permitted." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir.2000) (citation omitted).

A plaintiff seeking discovery on matters of personal jurisdiction is expected to identify the discovery needed, the facts expected to be obtained thereby, and how such information would support personal jurisdiction. *See Mello Hielo Ice, Ltd. v. Ice Cold Vending LLC*, No. 4:11-cv-629-A, 2012 WL 104980, at *7 (N.D. Tex. Jan.11, 2012) (citing *Kelly*, 213 F.3d at 855). A court is entitled to deny leave to conduct jurisdictional discovery where the movant fails to specify what facts it believes discovery would uncover and how those facts would support personal jurisdiction. *See id.; Northview Christian Church, Inc. v. Monolithic Constructors, Inc.*, No. 3:09-cv-655-M, 2010 WL 2812849, at *3 (N.D. Tex. July 13, 2010); *King v. Hawgwild Air, LLC*, No. 3:08-cv-153-L, 2008 WL 2620099, at 8* (N.D. Tex. June 27, 2008). A court may also deny jurisdictional discovery where the plaintiff only offers speculation as to jurisdiction and where the plaintiff is waging a "fishing expedition" into jurisdictional facts. *See Combat Zone Corp. v. John/Jane Does 1-13*, No. 3:12-cv-3927-B, 2013 WL 230382, at *2 (N.D. Tex. Jan.22, 2013) (citing *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003)).

## Analysis

I. <u>The Court will not deny the motion based on alleged failure to comply with rules.</u>

As an initial matter, Corkcicle argues that the Court must deny the Discovery Motion because Nafta allegedly failed to comply with Local Civil Rules 7.1(d) and (h). *See* N.D. Tex. L. Civ. R. 7.1(d), (h).

Local Civil Rule 7.1(d) states that "[a]n opposed motion must be accompanied by a brief that sets forth the moving party's contentions of fact and/or law, and argument and authorities, unless a brief is not required by subsection (h) of this rule." Subsection (h) states that briefs are required for motions not included in the listing there, which would include the Discovery Motion. A brief is required by Subsection (h) for the Discovery Motion.

Additionally, Local Civil Rule 5.1(c) for Filing and Serving Pleadings, Motions, or Other Papers states:

> Document Containing More Than One Pleading, Motion, or Other Paper. Except for a proposed order or judgment, a document may contain more than one pleading, motion, or other paper. Any such document must clearly identify each included pleading, motion, or other paper in its title.

N.D. TEX. L. CIV. R. 5.1(c). The local rules also require that the appendix be filed as a "self-contained document, separate from the motion, response, reply, and brief," *see* N.D. TEX. L. CIV. R. 5(i)(2), but state that the brief must "accompany" the motion.

Nafta filed a single document titled "Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery and Brief in Support" instead of filing the motion and brief as two separate documents. The combined motion and brief sets forth Nafta's contentions of fact and law, which are supported by argument and authorities, but it does not comply with other brief requirements such as including a table of contents and table of authorities. *See* N.D. TEX. L. CIV. R. 7.2(d). The title of the document identifies both the motion and brief.

In this case, the Court finds that the Discovery Motion substantially complies

with the local rules. Accordingly, the Court will not deny the Discovery Motion on this basis where any alleged failure to comply with the Court's local rules "has not interfered with the decisional process of the court." *Hearn v. Cockrell*, No. 3:01-cv-2551-D, 2002 WL 1544815, at *3 (N.D. Tex. July 11, 2002).

II.     <u>Nafta is entitled to limited jurisdictional discovery.</u>

Nafta seeks leave to (1) take the deposition of Benjamin Hewitt, both in his individual capacity and as Corkcicle's corporate representative, and (2) to serve written discovery, including a limited number of interrogatories and requests for production, to ascertain (a) the location of Corkcicle's employees and agents; (b) the extent of Corkcicle's retail sales and retail presence in Texas; (c) the extent of Corkcicle's wholesale sales in Texas; (d) Corkcicle's solicitation of clients in Texas; (e) the extent of Mr. Hewitt's involvement in the negotiation of the agreement with Nafta; (f) Mr. Hewitt's contacts with the State of Texas, including travel to Texas; and (g) the convenience of litigating this case in Texas. *See* Dkt. No. 11 at 5-6.

Nafta argues that the facts disclosed by the requested discovery would support a finding of specific jurisdiction because they will show that Corkcicle actively sought and elected to partner with Nafta, a Texas resident; that Corkcicle actively engaged in the negotiation of the subject agreement directly with Nafta, a Texas resident; that Corkcicle directly tied the exercise of Nafta's options under the agreement to the arrival of goods at a specific warehouse in Texas; and that material witnesses reside in Texas. *See id.* at 6.

Nafta asserts that the facts disclosed by the requested discovery would support

a finding of general jurisdiction because they will show that Corkcicle's largest clients are Texas residents; Corkcicle repeatedly does business with Texas residents; Corkcicle utilizes a Texas-based agent; Corkcicle consistently injects products into the stream of commerce in Texas; Corkcicle actively targets Texas residents with its advertisements; Corckcicle operates an interactive website in Texas and sells direct to consumers in Texas; and Corkcicle is at home in Texas. *See id.*

As the party opposing dismissal and requesting jurisdictional discovery, Nafta bears the burden of showing that discovery is needed. *See My Fabric Designs, Inc. v. F+W Media, Inc.*, No. 3:17-cv-2112-L, 2018 WL 1138436, at *9 (N.D. Tex. Mar. 2, 2018). A plaintiff does not have a heavy burden to obtain jurisdictional discovery. *See Best Little Promohouse in Texas LLC v. Yankee Pennysaver, Inc.*, No. 3:14-cv-1824-BN, 2014 WL 5431630, at *7 (N.D. Tex. Oct. 27. 2014) (citing *Fielding*, 415 F.3d at 429. "'If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts ... the plaintiff's right to conduct jurisdictional discovery should be sustained.'" *Fielding*, 415 F.3d at 429 (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)).

Nafta contends that Corkcicle's Motion to Dismiss and the Declaration of Benjamin Hewitt filed in support of the Motion to Dismiss create fact issues that entitle it to limited jurisdictional discovery. Nafta argues that "Corkcicle created factual disputes in its Motion to Dismiss by attaching [Mr. Hewitt's Declaration] wherein Mr. Hewitt alleges that Corkcicle has no agents or employees in Texas, that Corkcicle has no operations or business presence in Texas, and that Corkcicle never discussed or

negotiated any agreement directly with Nafta." Dkt. No. 11 at 5.

Nafta also states that it "has documents that contradict these statements" by Mr. Hewitt, but it does identify those documents or submit any evidence in support of its Discovery Motion. In its response, Corkcicle points out that Nafta did not attach those documents to its Discovery Motion and argues that, if those documents "are relevant to the issue of personal jurisdiction, NAFTA can use them in its response to Corkcicle's Motion to Dismiss and there is no need for jurisdictional discovery." Dkt. No. 15 at 14.

In its reply, Nafta submits the Declarations of Ryan E. Schlachter and Braden M. Wayne. *See* Dkt. No. 17. The Court generally will not consider arguments raised for the first time in a reply brief. *See Springs Indus., Inc. v. American Motorists Ins. Co.*, 137 F.R.D. 238, 239 (N.D. Tex. 1991). But, because the Declarations of Ryan E. Schlachter and Braden M. Wayne support a previously made – albeit general – argument, and, because the issue before the Court is the need for discovery, the Court will consider them. *See EsNtion Records, Inc. v. JonesTM, Inc.*, No. 3:07-cv2027-L, 2008 WL 2415977, at *6 (N.D. Tex. June 16,2008) (denying request for jurisdictional discovery because plaintiff had opportunity to present evidence to controvert defendant's declarations but failed to do so)

In its First Amended Petition, Nafta alleges that the Agreement "was heavily negotiated by the parties" and was negotiated and executed by Benjamin Hewitt, Corkcicle's founder, on behalf of Corkcicle. *See* Dkt. No. 7 at 3. Nafta further alleges that, the day after the Agreement was signed by its representative, Mr. Hewitt stated in an email to Nafta that the final number of units subject to the option "may adjust

slightly due to sell through," made a written alteration on the Agreement to reflect that final quantities were to be determined, and signed the Agreement on behalf of Corkcicle. *See* Dkt. No. 7 at 2-3; *see also* Dkt. No. 7-1 at 1-2 (Agreement); Dkt. No. 7-2 at 3 (email).

After discussing the citizenship of Corkcicle and its owners, Mr. Hewitt states in his Declaration that Corkcicle has no agents or employees in Texas, has no operations or business presence in Texas, and does not own or rent any real property in Texas. *See* Dkt. No. 10 at 5-6. Mr. Hewitt further states that, in June 2018, he received contact information for Larry White, a third-party broker who allegedly could assist in identifying a buyer for a portion of Corkcicle's inventory. He reports that he contacted Mr. White in June 2018 to discuss potential liquidation of a portion of Corkcicle's inventory and whether Mr. White could identify a potential buyer. *See id.* at 6. According to Mr. Hewitt's Declaration, Mr. Hewitt, through July 2018, had multiple communications with Mr. White regarding the potential sale of Corkcicle's existing inventory; those conversations were both telephonic and through electronic mail; and, during those conversations, Mr. White informed Mr. Hewitt that he is a citizen of California. *See id.*

Mr. Hewitt also states that, on July 26, 2018, Mr. White first identified Nafta as a potential purchaser of Corkcicle's products and that, prior to July 26, 2018, Mr. Hewitt was not aware of Nafta's existence. Mr. Hewitt explains that Corkcicle had no relationship with Nafta prior to this sale and had never done business with Nafta before and that all negotiations of the terms, price, quantity, and distribution for the sale of

Cokcicle's units to Nafta were performed through Mr. White; Corkcicle never discussed or negotiated any agreement directly with Nafta; and no employees or agents of Corkcicle traveled to Texas related to the sale of Corkcicle's good to Nafta. *See id.* at 6-7.

Mr. Hewitt also states that he received Purchase Order 7151 (the Agreement) directly from Ryan Schlacter of Nafta on August 22, 2018; that the purchase order was already executed by Mr. Schlacter when he received it; and that Mr. Hewitt countersigned the purchase order at Corkcicle's offices in Orlando, Florida. *See id.* at 7. Mr. Hewitt also reports that Nafta took final possession of the goods sold under the Agreement on September 6, 2018, in Lawrenceville, Georgia and that Corkcicle never shipped any goods to Nafta in Texas. *See id.*

In his Declaration, Nafta's Vice President, Mr. Schlacter, states that he negotiated parts of the purchase order directly with Mr. Hewitt, and he also discusses email communications from August 17, 2018 to August 27, 2018 between Larry White, Mr. Hewitt, and himself concerning the Agreement and attaches those emails to his Declaration. The August 17 email is from Mr. Schlacter to Mr. White; the August 21 email is from Mr. Hewitt to Mr. White with a copy to Mr. Schlacter; and the August 23 and August 27 emails are from Mr. Hewitt to Mr. Schlachter with copies to Mr. White. *See* Dkt. No. 17-1.

And, in his Declaration, Mr. Wayne states that he downloaded a webpage from linkedin and attaches that page as an exhibit to his Declaration. The exhibit is the page for Melissa Meka, an independent outside sales representative from Mabank, Texas, who lists experience as an independent sales representative for Corkcicle from January

2018 to the present. *See* Dkt. No. 17-2.

Nafta has identified issues of fact that the Motion to Dismiss and the Declaration filed in support raise, including Mr. Hewitt's statements that Corkcicle never discussed or negotiated any agreement directly with Nafta and that Corkcicle has no agents or employees in Texas. Accordingly, Nafta has made a preliminary showing of jurisdiction that entitles it to conduct limited jurisdictional discovery.

Jurisdictional discovery is also necessary to address Nafta' allegation that Corkcicle is unlawfully doing business in the State of Texas without being registered with the Texas Secretary of State. *See* Dkt. No. 7 at 1. A foreign entity is required to register in Texas when it "transacts business" in Texas, *see* TEX. ORG. CODE § 9.001, but a foreign entity is not considered to be "transacting business" in Texas when it is engaging in interstate commerce with a Texas entity or if it is an isolated transaction, *see id.* § 9.251(9)-(10).

Corkcicle argues that the jurisdictional discovery that Nafta requests is irrelevant to the Court's determination of whether it can exercise general or specific jurisdiction over Corkcicle. But the Court cannot, in the context of deciding the Discovery Motion, accept Corkcicle's assertions that, on this record, with or without discovery, there is no personal jurisdiction. Although merely contracting with a Texas resident, by itself, is not sufficient to establish personal jurisdiction, in combination with other factors, it is relevant to the jurisdictional analysis and can, in appropriate circumstances, support the exercise of personal jurisdiction. *See, e.g.*, *MJCM, L.L.C. v. Sky Bank*, Civ. A. H-05-0664, 2005 WL 2121549, at *4-*5 (S.D. Tex. Aug. 31, 2005).

**Conclusion**

For the reasons explained above, the Court GRANTS Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery [Dkt. No. 11] and authorizes Plaintiff Nafta Traders, Inc. to conduct the limited jurisdictional discovery outlined in its Discovery Motion and limited, as the Court has already ordered, "to facts that show the existence or nonexistence of personal jurisdiction." Dkt. No. 18 at 2. All jurisdictional discovery must be completed by **February 15, 2019**, and any motion raising a dispute that may arise regarding this jurisdictional discovery must be filed by **February 8, 2019**.

DATED: December 20, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE